IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FINALROD IP, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:20-cv-00189-JRG-RSP |
| | § | |
| ENDURANCE LIFT SOLUTIONS, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Exclude Endurance from Presenting Testimony on Certain Prior Art on the Basis of Judicial Estoppel and to Strike Certain Portions of the Expert Report of Dr. Crichlow, filed by Plaintiff Finalrod IP, LLC. Dkt. No. 80. The Plaintiff asks the Court to estop Dr. Henry Crichlow from offering opinions that certain prior art references invalidate the patent-in-suit because his opinions are contrary to his position in other on-going litigation.

### I.  BACKGROUND

####   A.  *Finalrod I*

On September 2, 2018, Finalrod sued Endurance Lift Solutions, Inc. ("Defendant") for allegedly infringing U.S. Patent Nos. 9,181,757 ("the '757 Patent") and 9,045,951 ("the '951 Patent"). Dkt. No. 80 at 3[1]. The Plaintff accused, among other products, the Defendant's Series 300 sucker rod end fittings ("S300" or "accused product") of infringing Claim 77 of the '757 Patent and Claims 8 and 35 of the '951 Patent. *See Finalrod IP, LLC et al. v. John Crane, Inc. et al.*, 7:15-cv-00097-ADA (W.D. Tex.) ("*Finalrod I*"); *See also* Dkt. No. 80 at 3–4. Dr. Crichlow is one of

---

[1] Citations are to document numbers and page numbers assigned through ECF.

the Defendant's retained expert witnesses and offers a report alleging the '757 Patent and the '951 Patent are invalid in view of U.S. Pat. No. 6,193,431 ("Rutledge") and U.S. Pat. No. 4,662,774 ("Morrow"). *See* Dkt. No. 80-2 ¶¶ 451, 445.

### B. *Finalrod II*

On June 12, 2020, the Plaintiff filed the present lawsuit against the Defendant alleging the S300 end fittings infringe Claims 13 and 15 of U.S. Pat. No. 10,385,625 ("'625 Patent"). *See generally* Dkt. No. 1. Dr. Crichlow is also a retained expert in this case and asserts that the '625 Patent is invalid in view of Rutledge and Morrow. Dkt. No. 80-3.

## II. LEGAL STANDARD

### A. Judicial Estoppel

"Judicial estoppel is an equitable doctrine that defies 'inflexible prerequisites or an exhaustive formula.'" *Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 751, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)).

> This doctrine prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding. This doctrine prevents litigants from playing fast and loose with the courts, and protects the integrity of the judicial process. Two elements are necessary for judicial estoppel: (1) the estopped party's position must be clearly inconsistent with its previous one, and (2) that party must have convinced the court to accept that previous position. But we need not consider these two elements exclusively. Other factors such as inadvertence or mistake may provide a reason not to apply judicial estoppel.

*Owens v. W. & S. Life Ins. Co.*, 717 Fed. Appx. 412, 417 (5th Cir. 2018) (per curiam) (internal citations and quotations omitted). This Court may also consider whether it would be unjust to permit a party to change positions. *See New Hampshire*, 532 U.S. at 742; *see also Love v. Tyson Foods*, 677 F.3d 258, 261 (5th Cir. 2012).

### B.  *Daubert* Standard

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152.

### III.  ANALYSIS

Two main factors guide the Court's analysis of the appropriateness to exercise judicial estoppel in this case: (1) whether the Defendant is adopting a "clearly inconsistent" position, and (2) whether the Defendant would derive an unfair advantage or impose an unfair detriment on the Plaintiff if not estopped. *See New Hampshire*, 532 U.S. at 750.

The Plaintiff alleges that the Defendant took a position in *Finalrod I* that is "clearly inconsistent" with its position in *Finalrod II*, such that the Court should exercise its discretion and estop Dr. Critchlow from offering his *Finalrod II* validity opinions. *See* Dkt. No. 80 at 3. In *Finalrod I*, the Defendant submitted that Rutledge and Morrow disclose that the trailing edge is "shorter at the closed end and increases progressively from the closed end to the open end . . . ." Dkt. No. 80-2 ¶¶ 445 (citing Morrow Abstract, 1:40-2:11, 2:32-45, Fig. 1), 451 (citing Rutledge 2:29-37, 9:14-17, 14:51-55, Claims 13, 14, 17, 20, 21, 24, Figs. 16–25). In *Finalrod II*, the

3

Defendant submits that Rutledge and Morrow disclose that the "length of the respective plurality of leading edges decreases from the open end to the closed end." Dkt. No. 80-3 ¶¶ 101 (citing Rutledge Fig. 25), 138.

Defendant counters that Plaintiff "read certain statements made by Defendant's expert, Dr. Henry Crichlow, from a separate case ("*Finalrod I*") out of context in order to judicially estop Defendant." Dkt. No. 106 at 4. Defendant contends it has not taken contradictory positions in *Finalrod I* and *Finalrod II*, rather "Dr. Crichlow's analysis of the prior art references in this case were made in view of Plaintiff's new infringement allegations based on new patents having claim terms with new constructions." Dkt. No. 106 at 9–10. Defendant argues that Plaintiff "omits the fact that its own infringement expert has asserted the very same 'contradictory' positions on the trailing edge limitation about which Plaintiff now complains." Dkt. No. 106 at 4. Defendant cites the "new patents, new claims, and new claim constructions" and asserts that "Defendant and its expert appropriately reconsidered certain of its invalidity arguments, including with respect to the Trailing Edge Limitations." Dkt. No. 106 at 13.

The Court will not exercise its discretion to judicially estop the Defendant from offering Dr. Critchlow's validity opinions with respect to Rutledge and Morrow. Judicial estoppel is context-specific since a party's validity position is "necessarily defined in reference to *both* the prior art and the properly construed claims." *Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*, No. 5:11-cv-00163-XR, 2014 U.S. Dist. LEXIS 55437, *15, 2014 WL 1612648 (W.D. Tex. Apr. 22, 2014); *see Scimed Life Sys. v. Johnson & Johnson*, 87 F. App'x 729, 734 (Fed. Cir. 2004); *see also Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 978 (Fed. Cir. 1995)

In *Finalrod I*, the term "trailing edge" was construed as "edge(s) of the wedge-shaped portion extending from and between the apogee and the perigee, ending in a clear transition point

4

at the apogee;" while in *Finalrod II*, "trailing edge" is construed as an "edge of a wedge shaped portion that extends from the vertex of the wedge shaped portion to the narrowest part of the cavity of the respective wedge portion." Dkt. No. 61 at 12, 20. The Court finds that the construction of the "trailing edge" term is sufficiently different that the Defendant should not be precluded from offering Dr. Critchlow's *Finalrod II* validity opinion. A critical detail is that the allegedly inconsistent opinions are based on precisely the construction that changed between *Finalrod I* and *Finalrod II*. Determining whether a trailing edge is shorter or longer as it progresses from the open end to closed end is predicated on the understanding of what "trailing edge" means—which is altered in *Finalrod II*. Thus, the expert's view on the prior art references may change in view of the Court's differing construction of "trailing edge." Accordingly, it cannot be said that the Defendant took a "clearly inconsistent" position, rather the Defendant took a position on the prior art references with this Court's construction of "trailing edge" in mind.

Further, it would be not be detrimental to the Plaintiff if the Defendant is not estopped. Indeed, Plaintiff's own expert took a somewhat different position as well.[2] In *Finalrod I*, Mr. Hermaniak opined that "[t]he Series 300 clearly has. . . trailing edges [that] are shortest at the closed end and longest at the open end of the end fitting," now, Mr. Hermaniak opines that "The accused Series 300 . . . [has] trailing edge[s] that increase from the open end to the closed end." *Compare* Dkt. No. 106-2 at 40 *with* Dkt. No. 106-3 ¶¶ 99–102. Allowing Mr. Hermaniak to revise his infringement theory, based on the Court's claim construction, but then prohibiting the Defendant from doing the same would be manifestly unjust and clearly weighs against exercising judicial estoppel.

---

[2] The seemingly inconsistent opinions of both experts may be attributable to the differing claim construction in *Finalrod II*. As the Court noted, "the specifications of the '625 Patent and the '162 Patent have almost no overlap" and thus, among other reasons, warranted a different construction. Dkt. No. 61 at 18. Therefore, the Court cannot definitively state that Dr. Critchlow or Mr. Hermaniak took "clearly inconsistent" positions in *Finalrod II*.

To the extent the Plaintiff asks the Court to strike portions of Mr. Critchlow's opinions in *Finalrod II*, the Plaintiff has not articulated any reason, other than estoppel, why his offered opinion does not meet the *Daubert* standard.

## IV.   CONCLUSION

The Motion (Dkt. No. 80) is **DENIED**.

**SIGNED this 11th day of October, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE