# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FINALROD IP, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:20-cv-00189-JRG-RSP |
| | § | |
| ENDURANCE LIFT SOLUTIONS, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION

Before the Court is the Motion to Partially Exclude Certain Expert Opinions and Testimony of Dr. Henry Crichlow, filed by Plaintiff Finalrod IP, LLC. Dkt. No. 83. The Plaintiff moves the Court to strike certain opinions of Defendant Endurance Lift Solutions, Inc.'s technical expert, Dr. Henry Critchlow. The Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**I.   BACKGROUND**

On June 12, 2020, Plaintiff Finalrod IP, LLC filed this lawsuit alleging the Defendant's Series 300 sucker rod end fittings infringe Claims 13–15 of U.S. Pat. No. 10,385,625 ("'625 Patent"). *See generally* Dkt. No. 1. Expert discovery has closed, the Plaintiff now moves[1] the Court to strike certain opinions of Dr. Critchlow's Invalidity Report ("Report") under *Daubert*. *See* Dkt. No. 83 at 1–2.[2]

---

[1] On July 29, 2021, the Plaintiff filed the Motion. Dkt. No. 83. On August 12, 2021, the Defendant filed its response. Dkt. No. 105. The Plaintiff did not file a reply.
[2] Citations are to document numbers and page numbers assigned through ECF.

## II. LEGAL STANDARDS

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law)

("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### III.   ANALYSIS[3]

The Plaintiff alleges that portions of the Report (Dkt. No. 83-4 ¶¶ 101–04, 138–42) are unreliable because Dr. Critchlow's method is based on the patent figures of U.S. Pat. No. 6,193,431 ("Rutledge") and U.S. Pat. No. 4,662,774 ("Morrow"). Dkt. No. 83 at 9. The Plaintiff argues that measurements based on the prior art reference drawings are unreliable because neither of the prior art references "disclose that the drawings are to scale and [are] silent as to dimension[] . . . ." *Id*. (citing *Hockerson-Halberstadt, Inc. v. Avia Group Int'l*, 222 F.3d 951, 956 (Fed. Cir. 2000) ("[I]t is well established that patent drawings do not define the precise proportions of the elements and may not be relied on to show particular sizes if the specification is completely silent on the issue.") and *In re Wright*, 569 F.2d 1124, 1127 (CCPA 1977) ("Absent any written description in the

---

[3] Many of the issues raised by the Plaintiff in the Motion have been previously discussed and denied by the Court. Dkt. No. 133, 134, 144. The Court need not address these issues again. The Court will limit its analysis to new issues raised in this Motion.

specification of quantitative values, arguments based on measurement of a drawing are of little value.")).

The Defendant responds that the "Plaintiff's argument misrepresents the record and Dr. Crichlow's analysis." Dkt. No. 105 at 12. The Defendant argues that Dr. Crichlow used the patent drawings to emphasize and serve as an illustration of his point, rather than using them as dispositive proof of invalidity. *See id*. The Defendant further states that Dr. Critchlow "did not rely on the drawings to quantify the particular sizes or values of the trailing edge lengths." *Id*. at 12–13. The Defendant, as an alternative argument, submits that Dr. Critchlow's measurements should be permissible because one of ordinary skill in the art would similarly use the patent figure measurement method to understand the prior art. *See id*. at 13 (citing *Nystrom v. Trex Co.*, No. 2:01-cv-905-JBF, 2002 U.S. Dist. LEXIS 27499, at *11–12 (E.D. Va. Oct. 17, 2002)); *see also id*. at 13 n.3 ("[T]he issue of whether or not one skilled in the art would understand the drawings of the Rutledge 431 and Morrow patents to be drawn to scale is a question of fact.").

Dr. Critchlow's measurements of the Rutledge figures is the principal tool he used to determine whether Rutledge anticipates or obviates the '625 Patent. *See* Dkt. No. 83-4 ¶¶ 101–04. The measurements used in Report paragraphs 101 and 103 and are reproduced below:



Dr. Critchlow relies exclusively on his own measurements to opine that the patent-in-suit is invalid in view of the Rutledge reference. The Court cannot allow such unreliable hand measurements to be the basis for Dr. Critchlow's opinion without some evidence that the Rutledge figures were intended to be to scale, have specific dimensions, or the features are described with sufficient specificity in the specification. Indeed, the Federal Circuit has said as much. *Hockerson-Halberstadt*, 222 F.3d at 956. The Court, thus, finds that Dr. Critchlow's measurement method of the Rutledge patent figures is unreliable.

Dr. Critchlow's opinions with respect to Morrow, however, are permissible. Dr. Critchlow's opinion that the Morrow reference invalidates the '625 Patent is not exclusively based on the unreliable measurement method. Rather, Dr. Critchlow bases his opinion on passages from the Morrow specification and uses the patent figures as an aid to expound upon and support the selected Morrow passages. *See e.g.* Dkt. No. 83-4 ¶¶ 138–39. The Court finds Dr. Critchlow's opinions—with respect to Morrow—are sufficiently supported and are permissible.

The Defendant's reliance on *Nystrom* is unpersuasive. The Defendant attempts to paint Dr. Critchlow's unreliable method as a "question of fact." However, at no point does the Defendant cite to any of Dr. Critchlow's opinion that suggests that someone of ordinary skill would use such hand measurements of unscaled figures to determine invalidity.

Paragraphs 101–04 are **STRICKEN** from the Report (Dkt. No. 83-4). However, paragraphs 138–42 are permissible. Paragraphs 101–104 of the Report are directed to Rutledge while paragraphs 138–142 are directed to Morrow.

### IV.   CONCLUSION

Accordingly, paragraphs 101–04 of Dr. Critchlow's Invalidity Report (Dkt. No. 83-4)

are **STRICKEN**.

**SIGNED this 22nd day of October, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

6